

U.S. Department of Justice

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 3, 2016

Martin G. Weinberg, Esq.
20 Park Plaza, Suite 1000
Boston, MA 02116

Andrew Good, Esq.
Philip Cormier, Esq.
83 Atlantic Ave.
Boston, MA 02110

Tracy A. Miner, Esq.
200 State Street
Boston, MA 02109

      Re:    United States v. Edward J. Tutunjian
              Criminal No. 16-cr-10225-DPW

Dear Counsel:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Edward J. Tutunjian ("Defendant"), agree as follows with respect to the above-referenced case:

      1.    <u>Change of Plea</u>

      At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Plea Agreement charging him in Counts One through Five with willfully attempting to evade taxes, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; in Count Six with employing unauthorized aliens, in violation of 8 U.S.C. §§ 1324a(a)(1)(A), 1324a(a)(2) and 1324a(f)(1); and in Count Seven with willful failure to comply with the Fair Labor Standards Act, in violation of 29 U.S.C. §§ 215(a)(2), 216 and 207(a)(1). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One through Seven of the Information, did so knowingly, intentionally and willfully, and is in fact guilty of those offenses.

Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

Subject to Defendant's compliance with the terms of this Plea Agreement, including but not limited to the requirement that, within 60 days after commencement of a term of probation or a term of supervised release, Defendant files complete and accurate tax returns for tax years 2009 through 2014, or alternatively, a sworn affidavit stating that a tax return previously filed for a particular year within that time period is true and accurate, the U.S. Attorney agrees not to charge Defendant with any tax offenses committed prior to tax year 2015, other than those charged in the Information, so long as the amended returns filed pursuant to this Plea Agreement fully reflect the previously unreported or underreported income.

In addition, if EJT Management, Inc. ("EJT") complies with all of the terms of its Plea Agreement, filed at the same time as this one, the U.S. Attorney also agrees not to charge Defendant with the offense set forth in Count Eight of the Information charging a violation of 18 U.S.C. §§ 641 and 2.

The U.S. Attorney also agrees not to prosecute Gabriel Tutunjian and Vache Tutunjian and their taxi-related companies for tax offenses committed prior to 2016, of which the U.S. Attorney is presently aware, related to their taxi-related companies and/or EJT, provided that no later than seven calendar days prior to Defendant's sentencing, Gabriel Tutunjian and Vache Tutunjian and their taxi-related companies have paid, as provided in their separately executed non-prosecution agreements, back taxes, penalties, and interest of not less than a combined total of $195,902.90.

The U.S. Attorney further agrees not to prosecute Mary Tarpy, Peter Tutunjian, Armen Mahserejian and Rita Tutunjian for any tax and immigration offenses committed prior to 2016, of which the U.S. Attorney is presently aware, related to their employment at EJT Management, Inc., provided that no later than seven calendar days prior to Defendant's sentencing, Mary Tarpy, Peter Tutunjian, Armen Mahserejian, and Rita Tutunjian file complete and accurate tax returns for tax years 2009 through 2014, or alternatively, a sworn affidavit stating that a tax return filed for a particular year is true and accurate.

The declination of prosecution of Defendant, Mary Tarpy, Peter Tutunjian, Armen Mahserejian, Rita Tutunjian, Gabriel Tutunjian and Vache Tutunjian and their taxi-related companies, as described in the preceding paragraphs, is expressly contingent on (i) the guilty plea of Defendant to Counts One through Seven of the attached Information being accepted by the Court and not withdrawn or otherwise challenged by Defendant; (ii) the guilty plea of EJT to Count Eight of the attached Information being accepted by the Court and not withdrawn or otherwise challenged by EJT; (iii) Defendant and EJT's performance of all of their obligations, including without limitation, compliance with all of the obligations of their respective Plea Agreements; and (iv) compliance by Gabriel Tutunjian and Vache Tutunjian with the terms of

their separately executed non-prosecution agreements which are attached as Exhibits A and B.

If Defendant's guilty plea is not accepted by the Court or is withdrawn for any reason, or if Defendant should fail to perform an obligation under his Plea Agreement, this declination of prosecution shall be null and void. Likewise, if EJT's guilty plea is not accepted by the Court or is withdrawn for any reason, or if EJT should fail to perform an obligation under its Plea Agreement, this declination of prosecution shall be null and void. Lastly, if Gabriel Tutunjian or Vache Tutunjian and their taxi-related companies fail to comply with the terms of their separately executed non-prosecution agreements, this declination of prosecution shall be null and void.

This Plea Agreement is also expressly contingent upon entry of a guilty plea, under Fed. R. Crim. P. 11(c)(1)(C), by Raffi Chapian to one count of failure to pay income tax (in violation of 26 U.S.C. § 7203) and the acceptance of that plea and that Plea Agreement by the District Court. If necessary, Defendant agrees that he will assent to all motions by the U.S. Attorney to continue Defendant's sentencing until Chapian's plea and Plea Agreement are accepted by the District Court, which, pursuant to Rule 11(c)(1)(C), occurs at sentencing.

Defendant agrees to the accuracy of the attached statement of facts.

2.   Penalties

Defendant faces the following maximum penalties: Counts One through Five are each punishable by incarceration for a period of five years; supervised release for a period of three years; a fine of $250,000 or twice the gross gain/loss, whichever is greater; the costs of prosecution; a mandatory special assessment of $100; and restitution; Count Six is punishable by up to 6 months' imprisonment; a fine of up to $3,000 per alien; forfeiture; and a mandatory special assessment of $10. Count Seven is punishable by probation for up to one year; a fine of $10,000; and a mandatory special assessment of $5; and restitution.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the Court, subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

- In accordance with USSG §§ 2T1.1 and 2T4.1, Defendant's base offense level is 20, because the tax loss is between $550,000 and $1,500,000.

3

- Neither enhancement under USSG § 2T1.1(b) is applicable in this case.

The parties agree that no Chapter 3 adjustment applies, other than acceptance of responsibility, subject to the conditions of that adjustment set forth in this Plea Agreement. The parties also agree that the Guidelines do not apply to Counts Six and Seven because Count Six is a Class B misdemeanor and Count Seven is an infraction; see USSG §§ 1B1.2(a) and 1B1.9.

The Defendant reserves the right to argue for a departure from the USSG or for a sentence outside the USSG under the factors set forth in 18 U.S.C. § 3553(a). The parties agree to file sentencing memoranda simultaneously 14 days prior to sentencing, unless the Court orders otherwise, with any responses due 7 days prior to sentencing. Any basis for a departure or variance that has not been filed at least 14 calendar days before sentencing is hereby expressly waived and cannot be argued at the time of sentencing.

If Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and her agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

The U.S. Attorney will oppose any argument for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit Defendant's conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

    (d)    Fails to provide truthful information about Defendant's financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

    (f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime; or

    (i)    Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

The U.S. Attorney will provide the Agreed Statement of Facts as its version of the offense to the U.S. Probation Office for inclusion in the presentence report. Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the Court:

    (a)    incarceration at the low end of the Guidelines range as calculated by the parties in Paragraph 3;

    (b)    that no fine be imposed in light of Defendant's agreement to pay restitution, interest and penalties;

    (c)    12 months of supervised release;

    (d)    a mandatory special assessment of $515, which Defendant must pay to the Clerk of the Court on or before the date of sentencing; and

    (e)    restitution, penalties and interest as set forth below.

Defendant agrees to make restitution at or before sentencing in the following amounts:

- $1,391,012 to the Internal Revenue Service ("IRS"), which includes employment, Medicare and Social Security taxes, employees' income taxes, and interest and penalties for tax years 2009-2013; and

- $699,717 for Fair Labor Standard Act overtime violations, payable to the U.S. Department of Labor, Wage and Hour Division, for distribution to affected employees.

Defendant further agrees that at least five calendar days before sentencing, Defendant will provide documentation that that he has escrowed $2,310,951 in unencumbered, liquid assets to satisfy his financial obligations under this Plea Agreement and of EJT Management Inc.'s Plea Agreement, and further agrees to make payment of all amounts ordered by the Court no later than 4 p.m. on the date of sentencing. If the Court orders Defendant to pay more than the escrowed amount, the balance must be paid at a time as directed by the Court.

Defendant further agrees that, within 60 calendar days after commencement of supervised release or probation, Defendant will file complete and accurate income tax returns for tax years 2009 through 2014, or alternatively, a sworn affidavit stating that a tax return previously filed for a particular year within that time frame is true and accurate.

The parties also agree jointly to recommend the following special conditions of any term of supervised release or probation:

During the period of supervised release or probation, Defendant must:

(i) cooperate with the Examination and Collection Divisions of the IRS;

(ii) within 60 days of commencing the period of supervised release or probation, provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

(iii) within 60 days of commencing the period of supervised release or probation, provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

(iv) within 60 days of commencing the period of supervised release or probation, file corrected W-2s for those employees who were paid either entirely or partially in cash to correctly reflect the payroll taxes which should have been withheld for the employee's actual wages in order for the employee to be properly credited with Medicare and Social Security once Defendant has made restitution for these taxes; and

(v) within 60 days of commencing the period of supervised release or

probation, to the extent full restitution was not made at or before sentencing, make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5. Protection of Assets for Payment of Restitution and Fine

Edward Tutunjian and EJT Management, Inc. agree to escrow $2,310,951 in Good Schneider Cormier's escrow account (the "Escrow Funds"). The Escrow Funds will be disbursed exclusively to pay any amount due by the terms of the Court's judgment and commitment order. The Escrow Funds will be funded directly from the first proceeds, net of ordinary and customary closing costs, of sales of real estate located at 100 Billerica Avenue, Billerica, MA, 330 C Street, South Boston, 20 Riverside Street, Unit 1-1-20, Watertown, MA, 151 Harrison Street, Athol, MA, 51-53 Foster Road, Belmont, MA and 54 Little Island Road, Falmouth, MA. Defendant will provide the U.S. Attorney with documentation of funds being deposited into the escrow account immediately after the deposits occur. After the U.S. Attorney is provided with a bank account statement indicating that $2,310,951 is in the escrow account, any properties in which Edward Tutunjian or EJT Management, Inc. own a beneficial interest can be sold without notice to the U.S. Attorney.

6. Post-Sentence Events

   (a) If Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court.

   (b) If Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

   (c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

7. Court Not Bound by Plea Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is

imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

8. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

9. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement, except as specified within this Plea Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS, HUD, DOL, HSI, or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

10. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

11. Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed or not prosecuted pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials,

documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12. <u>Who Is Bound By Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Plea Agreement</u>

This Plea Agreement supersedes and replaces the Plea Agreement dated June 22, 2016 which was filed as Document 2 in this case on August 2, 2016.

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Michael L. Tabak.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
CYNTHIA A. YOUNG
Chief, Criminal Division

JAMES D. HERBERT
Deputy Chief, Criminal Division

_____
MICHAEL L. TABAK
SANDRA S. BOWER
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

_[signature]_
EDWARD J. TUTUNJIAN
Defendant

Date: 8-9-16

    I certify that EDWARD J. TUTUNJIAN has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_[signature]_
MARTIN G. WEINBERG
ANDREW GOOD
PHILIP CORMIER
TRACY A. MINER
Attorneys for Defendant Tutunjian

Date: 8/5/16